**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>v.<br><br>WILFREDO RIVERA MARCANO<br>Defendant | Cr. No. 00-106 (JAF) |

**MOTION TO DISMISS THE REVOCATION PROCEEDINGS**

COMES NOW defendant Wilfredo Rivera Marcano, represented by the Federal Public Defender, and respectfully states and prays:

1. On March 3, 2006, U.S. Probation Officer Semidey filed a motion notifying supervised release violations and requesting an arrest warrant against mister Rivera. The defendant was arrested on June 6, 2007, and on that date an initial appearance was also held. The preliminary revocation hearing was held on June 7, 2007.

2. Since then, mister Rivera has been incarcerated and deprived of his liberty for over four (4) months without a revocation hearing being held. Mister Rivera requests that, pursuant to Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure, the revocation proceedings be dismissed due to the unreasonable delay in holding a revocation hearing.

3. FRCP 32.1(b)(2) states that "unless waived by the person, the court must hold the revocation hearing within a reasonable time."

> "Subdivision (a)(2)[1] mandates a final revocation hearing within a reasonable time to determine whether the probationer has, in fact, violated the conditions of his probation... Ordinarily, this time will be measured from the time of the probable cause finding (if a preliminary hearing was held)... What constitutes a reasonable time must be determined on the facts of the particular case, such as whether the probationer is

---

[1] In 2002, Rule 32.1 was amended, a new subdivision (a) was added and the original subdivision (a) became subdivision (b). See Fed. R. Crim. Proc. 32.1 advisory committee notes (2002 Amendments).

available or could readily be made available." Fed. R. Crim. Proc. 32.1 advisory committee notes (1979 addition).

4. Rule 32.1(b)(2) states that what constitutes a reasonable time depends on the facts of the case. However, the Rule only specifies one particular fact to be considered, to wit: whether the petitioner is available. Mister Rivera has been detained over four (4) months since the preliminary revocation hearing. During all of this time, he has been at the Metropolitan Detention Center in Guaynabo under the custody of the US Marshals and the US Attorney General. In other words, the Defendant has been available during all of this time, a factor which strongly favors dismissal.

5. In addition, according to the Defense's US Sentencing Guidelines calculation in this case, if the Court decided to revoke mister Rivera, the suggested imprisonment range would be 4-10 months. Mister Rivera has been incarcerated for as long as the lower range of the guidelines suggestion.

6. Recently, another Court in this District found violations of Rule 32.1 and dismissed those proceedings. Although the facts in the case of *US v. Wilfredo Ruiz*, 00-85 (CCC) were different from those at bar, the Court's conclusion bears relevance:

> "[The Defendant's] transfer to Puerto Rico was delayed for nearly two months. Once he arrived here, he was not taken before the Magistrate Judge for another two months. The probable cause hearing in this District, which the Rule expressly requires to be 'promptly conduct[ed],' did not take place until March 2, 2007, 70 days after defendant's arrival in Puerto Rico. The reason for this delay has not been explained and is plainly unreasonable." Docket #634.

7. Although, the delay in *Wilfredo Ruiz* referred to the time elapsed between arrival in the District and the preliminary hearing, the same reasoning applies to the present case. If 70 days is a "plainly unreasonable" time to elapse before a preliminary hearing, much more so is a term of four (4) months to hold a revocation hearing.

WHEREFORE, for the reasons stated above, mister Rivera respectfully requests that the revocation proceedings initiated against him be dismissed.

Cr. No. 00-106 (JAF)                                                                                                  3

I HEREBY CERTIFY that on this date I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, 10th day of October, 2007.

                                        **Joseph C. Laws, Jr.**
                                        **Federal Public Defender**

                                        *S/Rafael Andrade Ravelo*
                                        Rafael Andrade-Ravelo
                                        Assistant Federal Public Defender
                                        USDC-PR 221308
                                        241 F.D. Roosevelt Avenue
                                        San Juan, PR  00918-2441
                                        Phone No. (787) 281-4922
                                        E-mail: Rafael_Andrade@fd.org