UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>v.<br><br>WILFREDO RIVERA MARCANO<br>Defendant | *<br>*<br>*   Criminal No.  00-106 (JAF)<br>*<br>*<br>*<br>*<br>* |

UNITED STATES REPLY TO MOTION TO DISMISS REVOCATION
PROCEEDINGS AND REQUEST FOR FINAL REVOCATION HEARING

COMES NOW the United States of America, by and through the undersigned attorneys and very respectfully replies as follows:

1. On August 25, 2004, the above captioned defendant was released from prison and on February 15, 18 and 25, 2005, he tested positive to the use of cocaine base (crack). This caused his referral to inpatient treatment for a period of fifteen (15) days. After his release from treatment he had to comply with outpatient treatment but again tested positive to cocaine on May 19, 2005. This time around he abandoned inpatient treatment and remained absconded from supervision until the day of his arrest on June 6, 2007. This reflects that defendant remained absconded from supervision for more than one year.

2. Counsel for defendant is requesting dismissal based on the time elapsed since his arrest and revocation hearing conducted on June 7, 2007. The only legal precedent cited by counsel for defendant contains a different factual situation in the case of United States v. Wilfredo Ruiz, 00-85(CC). In our case, defendant stated at the preliminary hearing that he would not contest the allegations made in the motion filed by the probation officer, that is, that he had

**Criminal No. 00-106(JAF)** <u>Page No. 2</u>

absconded for more than a year after failing to comply with and abandoning in-patient drug treatment. Dismissing the revocation proceedings under this set of facts will demean the seriousness of the violation committed by the defendant and will fail to provide a just punishment.

    3. This Honorable Court should consider that <u>Docket #70</u> of June 7, 2007, reads as follows:

| 06/07/2007 | 70 | Minute Entry for proceedings held before Chief Magistrate Judge Justo Arenas :Preliminary Revocation Hearing as to Wilfredo Rivera-Marcano held on 06/07/2007. AUSA Jacabed Rodriguez and AFPD Rafael Andrade were present. Defense counsel informed that his client will not contest to the allegations made in the motion. The Court finds probable cause that the violation was committed. The Court refers the case to Chief Judge Fuste for a final revocation hearing. (Court Reporter FTR/bg, CD: Brenda Gonzalez, CI; Edna Brayfield)(br, )(Entered: 06/07/2007)." |
|---|---|---|

    4. Neither counsel nor defendant requested a hearing be held before Hon. Chief Judge Jose A. Fuste at any time after informing the allegations of the U.S. Probation Office would not be contested.

    5. It is respectfully submitted to the Court that in this particular case the remedy is to give defendant credit for the time he has been incarcerated since June 6, 2007, but that at this junction it should not be assumed that the Honorable Court will impose the lower end of the applicable guideline sentence for this type of violation.

    6. Rule 32.1(b)(2) FRCP states that unless waived by the person, the court must hold the revocation hearing within a reasonable time. The facts of this specific case do not provide any known reason(s) for the delay however, the circumstance of defendant stating he would not contest the allegations of the probation officer do give the trier of facts certain flexibility to

Criminal No. 00-106(JAF)                                            Page No. 3

determine that defendant's rights were not affected by the delay.  The Court of Appeals for the First Circuit in a civil case before its consideration expressed the following:  What is "reasonable" depends on the circumstances.  Cf., e.g. Sierra Club v. Secretary of the Army, 820 F.2d 513, 517 (1st. Cir. 1987) (explaining that "reasonableness is a mutable cloud, which is always and never the same")(paraphrasing Emerson).

Wherefore, the United States respectfully requests that this case be scheduled for a hearing forthwith in order for this Honorable Court to make the necessary determinations related to the revocation of supervised release and/or an extension of the same for the period that defendant was absconded.

San Juan, Puerto Rico, this 17th. day of October, 2007.
Respectfully submitted.

ROSA EMILIA RODRIGUEZ-VELEZ
UNITED STATES ATTORNEY


S/Maritza Maldonado,
Special Assistant U.S. Attorney
Criminal Division
Chardon Tower, Suite 1201
#350 Chardon Street
Hato Rey, Puerto Rico, 00918.
Tel. (787) 766-5656

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notifications of such filing to the following:

Rafael Andrade Ravelo, A.F.P.D.

S/Maritza Maldonado
Special Assistant U.S. Attorney